ATHOL SAVINGS BANK *vs.* ABBY J. POMROY.

Franklin.  September 14. — 26, 1874.  WELLS & MORTON, JJ., absent.

The condition of a mortgage was that if the grantor should pay to the grantee
$2500 in one year with interest, or otherwise pay such notes as the grantee should
sign for his accommodation during said term, the deed, as also a promissory col-
lateral note whereby the grantor promised to pay to the grantee $2500 with in-
terest at ten per cent. should be void. The grantee, the day the mortgage was
delivered, signed one note for $2500 for the accommodation of the grantor, and
paid it at maturity. *Held*, on a writ of entry to foreclose the mortgage, that the
conditional judgment should be for the amount of the note paid by the mort-
gagee, with legal interest from the time of payment.

WRIT OF ENTRY to foreclose a mortgage of land the title to
which was in the defendant, given by the defendant and her hus-
band, Daniel Pomroy, since deceased, to Damon E. Cheney, and
by Cheney assigned to the plaintiff.

The case was submitted for the consideration of the Superior
Court and of this court on appeal, on agreed facts in substance as
follows :

The mortgage is dated May 29, 1867 ; and the assignment
August 1, 1871. The condition of the mortgage is as follows :
" Provided nevertheless that if the said grantors, their heirs, ex-
ecutors or administrators, shall pay unto the said grantee or his
executors, administrators or assigns, the sum of twenty-five hun-
dred dollars, in one year from date, with interest, or otherwise
pay all such bank notes as said Cheney may sign for said Pom-
roy's accommodation during said term, then this deed, as also a
certain promissory collateral note bearing even date with these
presents, signed by said Daniel and Abby J., whereby they prom-
ise to pay the said Damon E. Cheney the said sum and interest,
at the time aforesaid, shall be absolutely void to all intents and
purposes."

The following is a copy of the note referred to in the mort-
gage : " $2500. Orange, Mass., May 29th, 1867. One year
after date, we promise to pay to the order of Damon E. Cheney,
or bearer, twenty-five hundred dollars, value received, with in-
terest at 10 per cent. Daniel Pomroy, Abby J. Pomroy."

On the same day Cheney signed a note for $2500, payable in
four months, with interest, to the order of Daniel Pomroy, which

note was negotiated by Pomroy, and at maturity was paid by Cheney ; no other notes were paid or signed by him for Pomroy's accommodation during the time mentioned in the conditional part of the mortgage, and there was no other consideration for the mortgage and mortgage note than the note of even date which the mortgagee paid.

*C. C. Conant*, for the plaintiff.

*S. O. Lamb*, for the defendant.

DEVENS, J.   It is agreed that there was no other consideration for the mortgage and mortgage note than a note of even date signed by Daniel Pomroy and indorsed by Cheney, which Cheney paid.   The transaction cannot be treated as a loan of $2500 to the defendant and Daniel Pomroy, nor can the mortgage note be regarded, as contended by the plaintiff, as the principal debt secured by the mortgage, especially when it is observed that while the mortgage and mortgage note are signed by the defendant and Daniel Pomroy, the note to secure which they were given is made to and indorsed by Daniel Pomroy alone.   The object of the transaction was simply to indemnify the mortgagee for the liability which he might incur by reason of signing certain accommodation notes, and the amount due is to be ascertained by determining how much he has been compelled to pay upon such notes, with legal interest from the date of such payment.   It would hardly have been argued if the only note signed and paid by the mortgagee had been one of $1000 in amount, that judgment should have been rendered for the full amount of the mortgage note of $2500 : the amount due would then have been $1000, with legal interest from the date of payment, and the same principle must be applied although the note signed by Cheney and the mortgage note were the same in amount.   This was the rule adopted by the Superior Court.

*Judgment affirmed.*