## MEREDITH COOPER
### v.
## ABRAHAM McNEILL ET AL.

1. MASTER'S REPORT—EVIDENCE AS TO PAYMENT OF CHECK.—Where the books of a bank, supported by the testimony of its officers, showed that a note was paid at a certain time, and appellee did not claim to pay any part of it, while appellant testified under oath that he paid it all. *Held*, that the master in stating the account between appellant and appellee should have allowed appellant the face of the note, less the discount, on the day it was given.

2. SAME.—Where a check was without any satisfactory explanation, but the inference was that it was given in payment of a debt due from appellee

Cooper v. McNeill et al.

to appellant, it was error for the master to charge appellant with the amount of the check, as there was no sufficient evidence to do so.

3. ACCOUNTS OF PARTNERS—INTEREST.—The general rule is that in the absence of any agreement to that effect, the accounts of partners with the firm do not draw any interest. But in this case, in view of the fact that appellant, after a delay of so many years, has failed to come to a settlement with appellee, and that he now comes into a court of equity seeking affirmative relief, he ought to be required to do equity, which is to pay interest at six per cent. on all balances found due from him to appellee from time to time, and that appellee do likewise.

4. ACCOUNTS—RATE OF INTEREST.—Where the court allowed ten per cent. interest upon the amount found due from appellant to appellee, from 1876 until the date of the decree, and there was no evidence of any agreement between them to pay ten per cent. interest per annum, and in 1873 a note for $2,000, payable in twelve months after date with ten per cent. interest, secured by mortgage, had been given to secure what appellant then owed to appellee or what he might thereafter owe him. *Held*, that this was not a contract to pay interest on that debt. The principal of the note and the interest thereon constituted the security out of which appellee was to be indemnified, and if the amount found due from appellant had amounted to the principal and interest of that note, then a decree could have passed for that amount. But in the absence of any agreement to pay a higher rate, six per cent. is all that can be allowed for money found due on an account stated, or upon money paid to or for another at his request.

5. CHANCERY.—The objection to the decree that the assignment of the note and deed of trust to Y. does not carry with it the indebtedness of appellant to appellee, and that the decree in favor of Y. upon his cross-bill, to which appellee was not made a defendant, is not a bar to appellee's subsequent recovery of the debt, is not well taken, in view of the fact that in the original bill filed by appellant, both Y. and appellee are made parties, and that appellee is therefore in court and will be bound by the decree.

APPEAL from the Circuit Court of Sangamon county; the Hon. C. S. ZANE, Judge, presiding. Opinion filed February 5, 1884.

Messrs. McGUIRE & SALZENSTEIN, Mr. STEPHEN FRENCH and Mr. L. F. HAMILTON, for appellant; as to recovery of interest, cited Aldrich v. Dunham, 16 Ill. 403; I. C. R. R. Co. v. Cobb, 72 Ill. 148; Chicago v. Allcock, 86 Ill. 384; R. S. Ch. 72, § 2; Flake v. Carson, 33 Ill. 518; Myers v. Walker, 24 Ill. 133; Sammis v. Clark, 13 Ill. 544; Clement v. McConnel, 14 Ill. 154; West Chicago A. W. v. Sheer, 104 Ill. 586; Moss v. McCall, 75 Ill. 190; Athol Savings Bk. v. Pomeroy, 115 Mass. 573.

A mortgage is only an incident of the debt, and passes in equity with the principal thing: Vansant v. Allmon, 23 Ill. 30; Purdee v. Lindley, 31 Ill. 174; Olds v. Cummings, 31 Ill. 188; Mapps v. Sharpe, 32 Ill. 13; Edgerton v. Young, 43 Ill. 464.

But an assignment of the mortgage will not carry the debt: Hamilton v. Lubeck, 51 Ill. 415; 1 Jones on Mortgages, § 805.

Messrs. ORENDORFF & CREIGHTON, for appellees; cited Riley v. Quigley, 50 Ill. 304.

MCCULLOCH, P. J.   On the 10th day of September, 1873, appellant made a note for the sum of $2,000 to Abraham McNeill and Samuel T. Henry, payable twelve months after its date with ten per cent. interest per annum, which note was secured by deed of trust to one Williams.   Appellant and McNeill had been in partnership in the business of buying and selling live stock, for which purpose they had borrowed some money and given their note in bank.   It appears from the report of the master filed in the cause that McNeill had advanced toward the business of the firm the sum of $1,151.40 and Cooper the sum of $628.86; that at the time of the making of said note for $2,000, the firm was indebted to the bank on overdraft the sum of $72.69 which Cooper paid, and on their note to the bank in the sum of $1,149.10.   Of this last mentioned sum, McNeill paid $851.35 and McNeill and Cooper gave their joint note for $300 which Cooper was to pay.   The original bill in this case sets up that the note for $2,000 secured by the deed of trust aforesaid, was given to indemnify McNiell for what Cooper was owing him on partnership account and for any advances he might make to or liabilities incurred for him in the future.   The bill asks for an accounting between them, and that upon Cooper's paying what might still be due to McNeill, the note and deed of trust might be canceled.

The note for $2,000 was subsequently assigned to Yocum, who was made a party to the bill and who filed a cross-bill to foreclose the deed of trust.

The court caused an account to be stated by the master, who

found the balance due from Cooper to McNeill, January 12, 1876, to be $687.09 to which report exceptions were filed in due time by counsel for appellant, which were overruled by the court. The court then added interest on said sum of $687.05 at the rate of ten per cent. per annum from January 12, 1876, until the date of the decree, and rendered a decree of foreclosure in favor of Yocum for the sum of $1,193.79. From this decree Cooper has appealed to this court.

The first objection urged to the decree is, that in stating the partnership account, the master failed to give appellant credit for the proceeds of the $300 note given to the bank simultaneously with the giving of the $2,000 note, as so much money paid by him on account of the indebtedness of the firm to the bank. The books of the bank, supported by the testimony of its officers, show that this note was paid December 2, 1873. Cooper testifies that he paid it on that day. The reason given by the master for not allowing it, was that appellant did not produce the note while in all other cases of payment he produced either check or note. At the same time he reports that McNeill did not show that he had paid it; he therefore gives neither party credit for its payment. That the note is paid is very certain; that it was paid by one or both of the makers is also very certain. McNeill does not claim to have paid any part of it, while Cooper testifies under oath that he paid it all. We can see no good reason why he should not be allowed the face of the note, less the discount, on the day it was given.

The second exception to the master's report is that he has charged Cooper with a certain check for $182.32, dated January 9, 1876. This is not claimed to have been a partnership transaction, but an advance or loan of money. McNeill can give no explanation of what the check was given for. Cooper attempts to explain it by saying it grew out of a trade in hogs between himself and Henry, who was a partner with McNeill. This, Henry denies. The check is therefore without any satisfactory explanation. The inference is it was given in payment of a debt due from McNeill to Cooper. 2 Parsons on Notes and Bills, 84. There is therefore no sufficient evidence to charge him with the amount of this check.

The third and fourth exceptions, we think, were properly overruled, and the evidence in support of those items needs no discussion at our hands.

The fifth exception to the master's report is to the effect that interest at the rate of ten per cent. was allowed upon the partnership accounts between the partners. The general rule is that in the absence of any agreement to that effect, the accounts of partners with the firm do not draw any interest. Moss v. McCall, 75 Ill. 190. In the statement of the partnership accounts the master allowed interest at ten per cent. per annum upon McNeill's excess over Cooper in the firm, from September 10, 1873, until January 12, 1874, at which time Cooper paid $500. This left a balance of $171.19, upon which the master allowed interest at ten per cent. per annum until January 30, 1875. At that date Cooper paid McNeill $200, which overpaid him $10.99. Had the master allowed Cooper credit for the $297.25, the proceeds of the $300 note on September 10, 1873, the balance against him would then have been $502.22. The payment of the $500 on January 12, 1874, would have nearly discharged this balance, and when Cooper afterward paid McNeill $200 on the erroneous supposition that he still owed him that amount on partnership account, McNeill would have owed Cooper nearly $200. If it was proper to charge Cooper with interest while he owed McNeill, then certainly it would be proper to charge McNeill with interest while he owed Cooper.

But for reasons yet to be stated we would not regard it inequitable to allow interest on these balances at the rate of six per cent. We perceive no other valid objections to the master's report.

It is assigned for error that the court erred in allowing ten per cent. interest per annum upon the amount found due from Cooper to McNeill from January 12, 1876, until the date of the decree. We find no evidence of any agreement between them to pay interest at ten per cent. per annum. The note secured by the mortgage having been given to secure what Cooper then owed to McNeill or what he might thereafter owe him is not a contract to pay interest on that

debt. The principal of the note and the interest thereon up to the time of the decree, constituted the security out of which McNeill was to be indemnified, and if the amount found due from Cooper had amounted to the principal and interest of that note then a decree could properly have passed for that amount. But in the absence of any agreement to pay a higher rate, six per cent. is all that can be allowed for money found due on an account stated, or upon money paid to or for another at his request. Chap. 74, Sec. 1. R. S. 1874. Athol Savings Bank v. Pomeroy, 115 Mass. 573.

So in the absence of any agreement for a higher rate, six per cent. would be the maximum rate that could in any event be allowed as between partners.

In view of the fact that appellant, after a delay of so many years, has failed to come to a settlement with McNeill, and that he now comes into a court of equity seeking affirmative relief, he ought to be required to do equity, which is to pay interest at six per cent. on all balances found due from him to McNeill from time to time, and that McNeill do likewise.

It is further urged as an insuperable objection to this decree, that the assignment of the note and deed of trust to Yocum does not carry with it the indebtedness of appellant to McNeill, and that the decree in favor of Yocum upon his cross-bill, to which McNeill was not a defendant, is not a bar to McNeill's subsequent recovery of the debt. If the cross-bill were the only bill in the case there would be great force in this objection. But the original bill in the cause was a bill filed by appellant in which both Yocum and McNeill are made parties, the object of which bill was to take an account between appellant and McNeill as to the amount due from appellant for which the note and deed of trust stood as security, and for leave to appellant to pay the same in order that the trust deed might be canceled.

McNeill is therefore in court and will be bound by the decree. If there is any controversy between him and Yocum as to which of them is entitled to the money he must now assert his claim or forever hold his peace. All parties in interest being before the court, it will be proper to decree a

release of the the deed of trust upon payment of the money to whomsoever the court may find is entitled to it, and in default of such payment to order the premises to be sold. For the errors herein indicated the decree of the circuit court will be reversed and the cause remanded.

Reversed and remanded.